UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAKIEA ROBINSON,

                                  Plaintiff,

                -against-

AETNA,

                                  Defendant.

23-CV-11100 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action alleging that Defendant discriminated and retaliated against her, and subjected her to a hostile work environment. (ECF 1 ¶ V.) By order dated January 18, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

## BACKGROUND

Plaintiff Lakeia, who resides in Bridgeport, Connecticut, filed this complaint against

Aetna, for which she provides a Kentucky address, arising from her employment with Coca-

Cola, in Elmsford, New York. Using the court's Employment Discrimination Complaint form,

Plaintiff asserts claims of discrimination based on race, color, sex, age, and disability, in

violation of Title VII of the Civil Rights Act of 1964 (Title VII), the Age Discrimination in

Employment Act (ADEA), the Americans with Disabilities Act (ADA), the Rehabilitation Act of

1973 (Rehab Act), the Family Medical Leave Act (FMLA), 42 U.S.C. § 1981, and the New York

State Human Rights Law.[1] (ECF 1 ¶ III.)

The following facts are drawn from the complaint. Plaintiff is a Black, African American

woman, born in 1972, who suffers from "work related stress" and "workplace anxiety disorder."

(*Id.* ¶ 1A.) In March 2017, Plaintiff requested FMLA leave "to go to Catholic Charities," but that

request was denied, "because management told them to deny [her]." (*Id.* ¶ V.B.) According to

Plaintiff, "[t]hey w[ere] supposed to only listen to [her] medical provider request & not what the

managers told them to do to [her]." (*Id.*) Plaintiff asserts that Defendant did not "accept [her]

---

[1] Plaintiff filed five other *pro se* complaints in this court relating to her employment with Coca-Cola. *See Robinson v. Coca-Cola*, ECF 1:23-CV-10552, 1 (UA) (citing the same statutes invoked in this complaint); *Robinson v. Sedgwick*, ECF 1:23-CV-10782, 6 (LTS) (S.D.N.Y. Apr. 15, 2024) (Plaintiff directed to file an amended complaint); *Robinson v. Bagwell*, ECF 1:24-CV-621, 1 (UA); *Robinson v. Kelly*, ECF 1:24-CV-625, 4 (LTS) (S.D.N.Y. Jan. 29, 2024) (action transferred to the District of Connecticut); *Robinson v. Magna Care*, ECF 1:24-CV-0869, 5 (LTS) (S.D.N.Y. Apr. 15, 2024) (Plaintiff directed to file an amended complaint).

request," or "treat [her] fairly," and that "this was a toxic mentally & physically work environment." (*Id.* ¶ IV.) Plaintiff does not allege in this complaint that Coca-Cola fired her, but she states in another complaint that her last day of employment with Coca-Cola was April 1, 2017. *Robinson v. Sedgwick Claims Mgmt. Serv.*, No. 23-CV-10782 (LTS) (S.D.N.Y.) (ECF 1 at 9.) Plaintiff purports to seek reasonable accommodation for her disability and money damages for "breach of fiduciary duty, not acting in good faith efforts, violating [her] ERISA rights, ADA, GINA." (*Id.* ¶ VI.) [2]

Plaintiff moves for appointment of *pro bono* counsel and an "Order to Serve Defendants." (ECF 3, 5.)

## DISCUSSION

### A.    Short and Plain Statement of Claim

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept,

---

[2] When prompted by the complaint form to provide information about exhausting administrative remedies, Plaintiff asserts that the Equal Employment Opportunity Commission (EEOC) issued a notice of right to sue on November 17, 2023. (*Id.* ¶ V.) Plaintiff does not provide a copy of the notice, but she refers to the complaint that she filed in *Robinson v. Coca-Cola,* No. 24-CV-10552, attached to which is the November 17, 2023 notice, which names Coca-Cola as the sole respondent, and states that the charge was dismissed for lack of jurisdiction. *Id.* ECF 1-1. Plaintiff attached the same EEOC notice to three of her other complaints, although Coca-Cola is not a defendant in those cases. No. 23-CV-10782, ECF 7 at 12; No. 24-CV-625, ECF 1 at 8; No. 24-CV-869, ECF 1 at 8.

however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**B.     Causes of action**

1.     FMLA

The FMLA allows a covered employee to take up to 12 weeks of leave per year to care for the employee's own serious health condition or to care for a parent, spouse, or child who has a serious health condition. *Higgins v. NYP Holdings, Inc.*, 836 F. Supp. 2d 182, 193 (S.D.N.Y. 2011) (citing 29 U.S.C. § 2612). The Second Circuit has recognized two types of FMLA claims, interference and retaliation claims. *See Smith v. Westchester Cnty*, 769 F. Supp. 2d 448, 463 (S.D.N.Y. 2011) (citing *Potenza v. City of New York*, 365 F.3d 165, 168 (2d Cir. 2004)).

To state a claim for FMLA interference, Plaintiff must allege: (1) she is an eligible employee under the FMLA; (2) Aetna is an employer as defined in the FMLA; (3) that she was entitled to leave under the FMLA; (4) that she gave notice of her intention to take leave; and (5) that she was denied benefits to which she was entitled under the FMLA. *Higgins,* 836 F. Supp. 2d at 182. The FMLA also prohibits employers from retaliating against an employee from having exercised or attempting to exercise FMLA rights. 29 C.F.R. § 825.220(c); 29 U.S.C. § 2615(a)(2); *See Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 175 (2d Cir. 2006); *Potenza*, 365 F.3d at 167 (discussing the distinction between interference and retaliation claims under the FMLA).

2.     Discrimination claims

Plaintiff asserts that Defendant discriminated against her based on her race, color, sex, disability, and age.

Title VII prohibits an employer from discriminating against an employee because of the employee's race, color, religion, sex, or national origin. *See* 42 U.S.C. §2000e-2(a). Section 1981 of Title 42 of the United States Code prohibits racial discrimination in, among other things, contractual relationships, including the relationships associated with employment contracts. *See Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 304 (1994). To state a claim of employment discrimination under Title VII or Section 1981, "a plaintiff must plausibly allege that (1) the [defendants] took adverse employment action against him, and (2) [a protected characteristic] was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015); *see also Khanna v. MUFG Union Bank, N.A.*, 785 F. App'x 15, 15-16 (2d Cir. 2019) (summary order) (applying *Vega* pleading standard to § 1981 employment-discrimination claims); *Johnson v. Wendys Corp.*, No. 19-CV-8157 (MKV), 2019 WL 6311790, at *2 (S.D.N.Y. Nov. 22, 2019) (same).

"The ADA prohibits discrimination against a 'qualified individual on the basis of disability' in the 'terms, conditions, and privileges of employment.'" *Kinneary v. City of New York*, 601 F.3d 151, 155 (2d Cir. 2010) (quoting 42 U.S.C. § 12112(a)). A person is disabled under the ADA if the person has "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). To plead a prima facie case of failure to accommodate a disability, a plaintiff must allege that (1) she is a person with a disability under the meaning of the statute; (2) her employer is covered by the statute and had notice of her disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer refused to make such accommodations. *See McMillan v. City of N.Y.*, 711 F.3d 120, 125-26 (2d Cir. 2013). A plaintiff must also show "the connections between (1) the failure to accommodate a disability, (2) the performance deficiencies, and (3) the

adverse employment action." *Natofsky v. City of N.Y.*, 921 F.3d 337, 352 (2d Cir. 2019) (quoting *Parker v. Sony Pictures Ent''t, Inc.*, 260 F.3d 100, 108 (2d Cir. 2001)).[3]

The ADEA makes it unlawful for an employer to "discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or 3privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). To state an ADEA claim, a plaintiff must allege that his age was the but-for cause of the employer's adverse employment action. *See Vega*, 801 F.3d at 86.

These antidiscrimination provisions prohibit employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under these federal antidiscrimination statutes. *See Chukwuka v. City of N.Y.*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

## C.    Analysis

Plaintiff's complaint fails to comply with Rule 8 because it does not contain a short and plain statement showing that she is entitled to relief. Plaintiff does not allege facts suggesting that Defendant violated her rights under any of the federal statutes she invokes. Plaintiff merely

---

[3] Plaintiff also invokes the Rehabilitation Act, but that statute applies only to entities that receive federal funding. *See* T.*W. v. N.Y.S. Bd. of Law Examiners*, 996 F.3d 87, 94 (2d Cir. 2021). Plaintiff does not allege that Aetna receives federal funding, and thus that statute is not relevant to her claims.

asserts that Defendant, at the behest of management, denied her application for FMLA leave. There is no information in Plaintiff's complaint about her eligibility for FMLA leave, why her application was denied, and how the circumstances of the denial could give rise to a claim of interference or retaliation under the FMLA. In short, Plaintiff claims that the denial was improper, but she does not explain why it was improper under the FMLA statute.

Similarly, Plaintiff does not provide facts suggesting that any action taken by Defendant is attributable to Plaintiff's race, color, sex, national origin, or on account of a disability. Beyond identifying herself as a Black, African American woman who was born in 1970 and who suffers from work-related stress, Plaintiff concludes, without supporting facts, that the denial of FMLA leave was done on a discriminatory or retaliatory basis. Moreover, Plaintiff alleges that she was subjected to a hostile work environment when she worked for Coca-Cola, but does not allege how Defendant Aetna, the apparent FMLA administrator for Coca-Cola, was involved in creating a hostile work environment. For these reasons, the Court finds that Plaintiff has failed to plausibly allege a violation of her rights.[4]

---

[4] In the relief section of the complaint, Plaintiff mentions the Employee Retirement Income Security Act (ERISA), and the Genetic Information Nondiscrimination Act of 2008 (GINA). (ECF 1 ¶ IV.) To state a claim under the ERISA statute, a plaintiff must allege that the benefit plan is an ERISA plan, that the plaintiff is a participant in the plan, and that the defendant breached its ERISA-imposed duty to pay the plaintiff under the terms of the plan. *See Carlson v. Principal Fin. Group*, 320 F.3d 301, 306-308 (2d Cir. 2003). GINA makes it "an unlawful employment practice for an employer to fail or refuse to hire . . . any employee . . . because of genetic information with respect to the employee." 42 U.S.C. § 2000ff–1(a)(1). If Plaintiff wishes to assert claims under these statutes, she must explain how they are relevant to her allegations.

**D.**     **State law claims**

1.     Diversity of citizenship jurisdiction

Because Plaintiff asserts a claim under the New York State Human Rights Law, the Court

considers whether it has diversity of citizenship jurisdiction of this matter. Under 28 U.S.C.

§ 1332, a plaintiff asserting state law claims must allege that the plaintiff and the defendant are

citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition,

the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or

value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v.*

*N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal

quotation marks omitted).

Plaintiff does not allege the citizenship of either party, although she provides a

Connecticut address for herself and a Kentucky address for Defendant. Plaintiff also does not

allege that her claim satisfies the statutory jurisdictional amount. The Court grants Plaintiff leave

to file an amended complaint showing that diversity of citizenship jurisdiction exists; that the

statutory jurisdictional amount is met; and that she can state a claim under the New York State

Human Rights Law, or any other state law. The current complaint does not make this showing.

2.     Supplemental jurisdiction

A district court may decline to exercise supplemental jurisdiction of state law claims

when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and

only state-law claims remain, the federal court should decline the exercise of jurisdiction."

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Because Plaintiff has been

granted leave to file an amended complaint, the Court will determine at a later stage whether to

exercise its supplemental jurisdiction of any state law claim she may be asserting. *See Kolari v.*

*New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

### E.    Motion for pro bono counsel

Plaintiff asks the Court to locate pro bono counsel for this matter. The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

### F.    Motion for order of service

Under 28 U.S.C. § 1915(e)(2)(B), an order of service is not issued if it has been determined that a complaint is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *Id.* Having determined that Plaintiff's complaint fails to state a claim, Plaintiff's motion to effect service is denied without prejudice as premature. Should Plaintiff file an amended complaint that addresses the deficiencies set forth in this order, service will be ordered in due course.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In light of Plaintiff's *pro se* status, the Court grants Plaintiff 60 days' leave to amend his complaint to detail her claims.

Plaintiff is granted leave to amend her complaint to provide more facts about her claims and to show why those claims are not untimely. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.[5]

---

[5] As previously noted, Plaintiff has already asserted claims against Coca-Cola under the FMLA, Title VII, ADA, and ADEA in another action. *See Robinson v. Coca-Cola*, ECF 1:23-CV-10552, 1 ¶ III.A. Plaintiff should provide facts in the amended complaint showing that Aetna –

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.[6]

## CONCLUSION

The Court denies without prejudice the motion for *pro bono* counsel and the motion for an order of service, and the Clerk of Court is directed to terminate them. (ECF 3, 5.)

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-11100 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff may receive court documents by email by completing the attached form, Consent to Electronic Service.[7]

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

---

the Defendant in this case – can and should be held liable under the statutes she cites, separate and apart from any claims she has asserted against Coca-Cola.

[6] There are other potential hurdles with this matter proceeding, namely that: (1) Plaintiff's claims may be untimely; (2) it is not clear that Plaintiff exhausted her administrative remedies with respect to her claims against Defendant under Title VII, the ADA, and the ADEA; and (3) it is not clear that Defendant qualifies as an employer for the purposes of liability under the FMLA, Title VII, the ADA, and the ADEA. The Court will address these matters at a later point, if Plaintiff files an amended complaint that addresses the deficiencies set forth in this order.

[7] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 28, 2024
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

Please list all your pending and terminated cases to which you would like this consent to apply. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____


_____
Name (Last, First, MI)


_____
Address                     City                    State                      Zip Code


_____
Telephone Number                         E-mail Address


_____
Date                                     Signature

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.

-against-

_____

_____

_____
Write the full name of each defendant. The names listed
above must be identical to those contained in Section I.

_____CV_____
(Include case number if one has been
assigned)

Do you want a jury trial?
☐ Yes      ☐ No

# EMPLOYMENT DISCRIMINATION COMPLAINT

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.      PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

### B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:

Name

Address where defendant may be served

| | | |
|---|---|---|
| County, City | State | Zip Code |

Defendant 2:

Name

Address where defendant may be served

| | | |
|---|---|---|
| County, City | State | Zip Code |

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City                      State             Zip Code

## II.    PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

_____
Name

_____
Address

_____
County, City                      State             Zip Code

## III.    CAUSE OF ACTION

### A.  Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐   **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☐   race:          _____

☐   color:         _____

☐   religion:      _____

☐   sex:           _____

☐   national origin: _____

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: _____

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

## B.   Other Claims

In addition to my federal claims listed above, I assert claims under:

☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law):

_____

## IV.    STATEMENT OF CLAIM

### A.  Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

☐   did not hire me

☐   terminated my employment

☐   did not promote me

☐   did not accommodate my disability

☐   provided me with terms and conditions of employment different from those of similar employees

☐   retaliated against me

☐   harassed me or created a hostile work environment

☐   other (specify): _____

_____

### B.  Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

_____

_____

_____

_____

_____

_____

_____

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V.    ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☐    Yes (Please attach a copy of the charge to this complaint.)

When did you file your charge?    _____

☐    No

Have you received a Notice of Right to Sue from the EEOC?

☐    Yes (Please attach a copy of the Notice of Right to Sue.)

What is the date on the Notice?    _____

When did you receive the Notice?    _____

☐    No

## VI.   RELIEF

The relief I want the court to order is (check only those that apply):

☐    direct the defendant to hire me

☐    direct the defendant to re-employ me

☐    direct the defendant to promote me

☐    direct the defendant to reasonably accommodate my religion

☐    direct the defendant to reasonably accommodate my disability

☐    direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1.  I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2.  I have established a PACER account;

3.  I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4.  I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5.  I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6.  I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____


_____
Name (Last, First, MI)

_____
Address                     City                     State                     Zip Code

_____
Telephone Number                     E-mail Address

_____
Date                     Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007