UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAKIEA ROBINSON,

                              Plaintiff,

                 -against-

AETNA,

                              Defendant.

23-CV-11100 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se* and *in forma pauperis* (IFP), alleging that Defendant

Aetna discriminated and retaliated against her when she was a Coca-Cola employee. By order

dated May 28, 2024, the Court directed Plaintiff to file an amended complaint within 60 days of

the date of the order. That same day, Plaintiff filed a motion to "seal [the] case file." (ECF 8.)

Plaintiff asserts that Coca-Cola has "connections" and "political ties" with other

countries, "mom + pop stores," and law enforcement, and that Coca-Cola "exposed [her] name

already" to "two other countries" with which she has had no prior contact. (*Id.* at 2-3.) Plaintiff

further claims that sealing is necessary to "protect" her identity and the identities of her family

members, and that due to the "trauma [they] sustained," they should "be allowed to speak

amongst" themselves and to "travel abroad without fear of retaliation, harassment, judgment,

etc." (*Id.* at 3.) She also asks that the Court "instruct Defendants" to refrain from calling her and

her family "names" that are "less than desirable and definitely untrue."[1] (*Id.*)

---

[1] Plaintiff filed similar motions to seal in other *pro se* actions that she filed in this court. Those complaints name different defendants, but are also connected to her employment with Coca-Cola. *See Robinson v. Coca-Cola*, ECF 1:23-CV-10552, 8; *Robinson v. Sedgwick*, ECF 1:23-CV-10782, 8; *Robinson v. Bagwell*, ECF 1:24-CV-621, 5; *Robinson v. Magna Care*, ECF 1:24-CV-0869, 7.

For the reasons set forth in this order, the Court denies Plaintiff's motion.

## DISCUSSION

Both the common law and the First Amendment protect the public's right of access to court documents. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597-99 (1978); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91-92 (2d Cir. 2004). This right of access is not absolute, and "the decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599 (footnote omitted).

The Second Circuit has set forth a three-part analysis to determine whether a document relating to a lawsuit should be made available to the public. *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 119-20 (2d Cir. 2006). First, the Court must determine whether the document is indeed a "judicial document," to which the public has a presumptive right of access. *Id.* at 119. Judicial documents are those that are "relevant to the performance of the judicial function and useful in the judicial process." *Id.* (internal quotation marks and citation omitted).

Second, if the court determines that the materials to be sealed are judicial documents, then the court must determine the weight of the presumption of access. *Id.* "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995).

Finally, "the court must balance competing considerations against" the presumption of access. *Lugosch*, 435 F.3d at 120 (internal quotation marks and citation omitted). "Such countervailing factors include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* (internal quotation marks and citation omitted).

Here, the documents submitted in this case are "judicial document[s]," to which the public is presumed to have a right of access. *See Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 139-40 (2d Cir. 2016) (all pleadings, including a complaint, "are judicial records subject to a presumption of public access"). The subject matter of Plaintiff's complaint, asserting claims of employment discrimination and retaliation, does not overcome the presumption of access outlined in caselaw. Additionally, there do not appear to be any competing considerations that would warrant limiting the public's access to the records of this case.

Based on these factors, the Court concludes that the circumstances presented here are not sufficiently extraordinary to outweigh the presumption in favor of public access to court records. Plaintiff's motion to seal is therefore denied.

## CONCLUSION

The motion to seal this case (ECF No. 8) is denied, and the Clerk of Court is directed to terminate the motion. Plaintiff is reminded that her amended complaint is due within 60 days from the date of the May 28, 2024 order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 30, 2024
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

3