UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAKIEA ROBINSON,

                    Plaintiff,

          -against-

AETNA,

                    Defendant.

23-CV-11100 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se* and *in forma pauperis* ("IFP"). After granting Plaintiff leave to file an amended complaint, the Court dismissed this action, on August 16, 2024, for failure to state a claim on which relief may be granted. The Clerk of Court mailed that order to Plaintiff on August 21, 2024.

Approximately four months later, on December 12, 2024, Plaintiff filed: (1) a letter requesting the "ability to appeal"; and (2) a notice of appeal. (ECF 11, 12.) In her submissions, Plaintiff notes that a different case of hers that was in this court, No. 23-CV-10552, is currently on appeal in the Second Circuit. (*Id.*) The Court construes the letter as a request for an extension of time to file a notice of appeal.

**DISCUSSION**

Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a litigant must file a notice of appeal within 30 days of the entry date of the order or judgment being appealed. *See* Fed. R. App. P. 4(a)(1)(A). A party may move for an extension of time to file a notice of appeal, but under Rule 4(a)(5), must do so, at the latest, within 30 days after expiration of the deadline to file a notice of appeal. *See* Fed. R. App. P. 4(a)(5)(A)(i). This 30-day period for seeking an extension is a "strict jurisdictional" deadline. *Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir.

2001). The moving party must also show "excusable neglect or good cause" for the failure to file a notice of appeal within the deadline. Fed. R. App. P. 4(a)(5)(A)(ii). But even where a litigant shows excusable neglect, the district court cannot grant a motion for an extension of time to appeal that was filed more than 60 days after entry of judgment. *See Goode*, 252 F.3d at 245 ("[E]ven assuming that [the moving party] made a showing of good cause for an extension, the untimely motion should not have been entertained . . . .").

Here, the Court's order of dismissal was entered on August 16, 2024. Thus, Plaintiff had until on or about September 16, 2024, to file a timely notice of appeal, and until on or about October 16, 2024, to file a timely motion for an extension of time to appeal. Plaintiff's December 12, 2024 letter was filed more than 60 days after entry of judgment, and the Court must therefore deny the motion as untimely.

## CONCLUSION

The Court denies as untimely the motion for an extension of time to file a notice of appeal. (ECF 11.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    December 17, 2024
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge